44

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF OKLAHOMA

FILED

1995

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By
Deputy Clerk

JOYCE JACKSON,

Plaintiff

v.

MARVIN MAC HOLDRIDGE, et al.,

Defendants

No. CIV-95-184-S

# ORDER

Granting Defendants' Motions for Summary Judgment

Plaintiff instituted this action pursuant to 42 U.S.C. §§1983, 1985, 1986 and 5301 et seq., seeking compensatory and punitive damages for claimed deprivations of her civil rights. Specifically, the plaintiff alleges that the defendants, acting under color of state law, have deprived her of her constitutional rights under the Fifth, Ninth, and Fourteenth Amendments by failing to properly perform construction repair work on plaintiff's residence as required by a contract to repair her home pursuant to a grant under the Community Development Block Grant Program. Plaintiff abandoned any Fourth Amendment claims. (Plaintiff's response, p. 7).

All defendants have moved for summary judgment on the grounds, *inter alia*, of failing to state a cause of action, not acting under color of state law, and the Statute of Limitations.

The court finds that there are no genuine issues of material fact necessary for the determination of these issues, such that summary judgment would be appropriate. Accordingly, pursuant to Rule 56, Federal Rules of Civil Procedure, the court makes the following Findings of Fact and Conclusions of Law:

Findings of Fact:

1. The defendant City approved the Plaintiff as a recipient of a $13,500 grant from the Community Development Block Grant Program for repairs on her residence in Muskogee, Oklahoma. The defendant City contracted with the Holdridge defendants, d/b/a defendant Custom One Construction, to make the repairs, and defendant Malloy was employed by the defendant City as the program manager, who was the inspector responsible for overseeing the construction and repairs to plaintiff's residence. (Plaintiff's Complaint).
2. Plaintiff alleges that the defendants failed to properly repair her residence, and that the construction work was "sloppy, shoddy and irresponsible". (Plaintiff's Complaint).
3. When an employee of the defendant City referred to the block grant program recipients as "you people", the plaintiff, an African-american, took that to mean black people. (Plaintiff's Affidavit, Exhibit # 1, Plaintiff's Response). The court finds that this conclusion by the plaintiff does not allege or show that any act of sloppy, shoddy or inadequate construction by the defendants was based upon, or can be traced to, a discriminatory purpose, or that race was a motivating factor in the repair construction. Thus, the court finds plaintiff's allegations insufficient to sustain a Fourteenth Amendment claim of denial of equal protection of the law based on racial discrimination.
4. Although plaintiff alleges a breach of contract, the court finds no allegation or showing of a Fifth (due process) or Ninth (enumeration of rights does not exclude other rights) Amendment deprivation. Further, the court finds no allegations of any conspiracy by or with any defendant to deprive plaintiff of any constitutional rights.
5. On March 26, 1993, the defendant City conducted a final inspection of the repairs done on plaintiff's residence and found that they were in compliance with city building ordinances and codes. (Weatherford Affidavit, Exhibits #s 1 and 2, Defendant City's Brief).
6. The court finds that any alleged civil rights cause of action had to accrue

through an act or acts of the defendant City or one of its employees, because the defendant City or its employee is the only defendant acting under color of state law. On March 29, 1993, all repairs to plaintiff's residence under the contract were documented by the defendant City as being complete; they were approved by the defendant City as being in compliance with contract and code requirements; and the contract amount authorized to be paid. (Exhibit # 3, Defendant City's Brief). Thus, the court finds that any civil rights cause of action would have accrued by March 29, 1993. This action was filed on April 24, 1995.

7. Plaintiff made complaints to the defendant City concerning this repair contract, and those complaints were investigated by the defendant City prior to the contract compliance approval and payment. (Exhibit # 5, Defendant City's Brief). On April 1, 1993, plaintiff enumerated her complaints in a letter to the Muskogee Housing and Review Board. (Exhibit # 6, Defendant City's Brief). On April 14, 1993, plaintiff personally addressed the Muskogee Housing and Review Board concerning those specific enumerated complaints. (Exhibit # 8, Defendant City's Brief).

8. Plaintiff admits, and the court finds, that there were processes and procedures in place by the defendant City to grant, contract, inspect, approve and pay for community development block grants, and the defendants followed those procedures.

9. Plaintiff had postdepreviation administrative and legal remedies available to her through Housing and Urban Development, appeal of the defendant City's decision to state district court, and the governmental tort claims act, and, although the plaintiff complained of incomplete or inadequate repairs, she took no action to avail herself of those remedies. (Plaintiff's Deposition, p. 118-119, Exhibit # 12, Defendant City's Reply)

10. The court finds that plaintiff's complaint fails to state a civil rights cause of action on which relief can be granted, and plaintiff's complaint is barred by the statute of limitations.

Conclusions of Law:

1. This court has jurisdiction and venue in this case. 42 U.S.C. §§1983, 1985, and 1986 and 28 U.S.C. §§ 1331 and 1391.

2. Summary Judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Burnette v. Dow Chemical Co., 849 F.2d 1269, 1273 (10th Cir. 1988).

3. The mere existence of some factual dispute will not defeat a summary judgment motion. The factual dispute must be genuine and material to the issue or issues presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

4. After a movant makes a properly supported motion for summary judgment, the non-moving party has the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial. An affidavit containing only conclusions of law, unsupported by factual allegations, is insufficient to establish the existence of a triable issue. Bright v. Moss Ambulance Service, Inc., 824 F.2d 819, 824 (10th Cir. 1987). Likewise, conclusory and self-serving affidavits are not sufficient to establish factual, triable issues. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

5. Summary Judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. Anderson v. Liberty Lobby, Inc., supra at 250-252; Windon Third Oil and Gas v. FDIC, 805 F.2d 342, 346 (10th Cir. 1986).

6. The Housing and Community Development Act, 42 U.S.C. §§5301, et seq., governing the Community Development Block Grant Program alleged herein, does not create a private federal right or cause of action for violations of its provisions. Latinos Unidos De Chelsea En Accion (LUCHA) v. Secretary of

Housing and Urban Development, 799 F.2d 774, 793-795 (1st Cir. 1986); Oxford House-C v. City of St.Louis, 843 F.Supp 1556, 1584 (E.D. Mo. 1994).

7. To state a claim under a §1985 conspiracy theory, a plaintiff must plead an actual deprivation of a constitutional right by one acting under color of state law and an agreement or conspiracy to do so with another actor. Dixon v. City of Lawton, OK, 898 F.2d 1443, 1449 (10th Cir. 1990).

8. Fifth and Fourteenth Amendment procedural due process requirements pertaining to property are satisfied, and no civil rights cause of action lies, when an adequate, state postdeprivation remedy exists. Archuleta v. Colorado Department of Corrections, 936 F.2d 483, 491 (10th Cir. 1991), citing, Parrat v. Taylor, 451 U.S. 527, 544 (1981); Smith v. Colorado Department of Corrections, 23 F.3rd 339, 340 (10th Cir. 1994)

9. The Ninth Amendment has not been recognized as securing any independent constitutional right for purposes of a civil rights cause of action. Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986).

10. The Statute of Limitations for civil rights causes of action is determined by Oklahoma law, and it is two years. Brown v. Hartshorne Public School District, 926 F.2d 959, 962 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1522-1523 (10th Cir. 1988).

11. Federal law governs when a civil rights cause of action accrues, and it accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of the action. Baker v. Board of Regents of State of Kansas, 991 F.2d 628, 632 (10th Cir. 1993).

12. A plaintiff has reason to know of her injury when she would have discovered it through the exercise of reasonable diligence, and she need not know the full extent of her injuries before the statute of limitations begins to run. Industrial Constructors v. United States Bureau of Reclamation, 15 F.3rd 963 (10th Cir. 1994).

Accordingly, pursuant to the above Findings and Conclusions, the defendants'

motions for summary judgment are granted, and this action is, in all respects, dismissed.

IT IS SO ORDERED this 4 day of September, 1995.

FRANK H. SEAY
United States District Judge